**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MARK TKACH, in his capacity as Sellers' Representative and in his individual capacity as Principal Owner, and WILLIAM COULTER in his individual capacity as Principal Owner,<br><br>Plaintiffs,<br><br>v.<br><br>RUMBLEON, INC.,<br><br>Defendant. | C.A. No. _____<br><br>Court of Chancery of the State of Delaware<br>C.A. No. 2022-0405-PAF |

## DEFENDANT RUMBLEON, INC.'S NOTICE OF REMOVAL

Defendant RumbleOn, Inc. ("RumbleOn"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441(a) and (c), and 1446(b), hereby removes this pending action from the Court of Chancery of the State of Delaware to the United States District Court for the District of Delaware.  Removal is proper, as there is diversity of citizenship between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs.

Removal is well-grounded in fact, warranted by existing law, not prohibited by 28 U.S.C. § 1445, nor interposed for any improper purpose.  Therefore, RumbleOn respectfully requests that this Court take jurisdiction over this matter and conduct all further proceedings.

## I.    PROCEDURAL BACKGROUND AND COMPLIANCE

1.    On May 8, 2022, Plaintiffs filed their Complaint in the Court of Chancery of the State of Delaware, styled *Mark Tkach, et al. v. RumbleOn, Inc.*, C.A. No. 2022-0405-PAF (the "State Court Action").

2.      Plaintiffs bring the Complaint in their individual capacities, and Plaintiff Mark Tkach also brings the Complaint as Sellers' Representative under that certain Merger and Equity Purchase Agreement entered into by and between Plaintiffs and RumbleOn (the "Agreement").

3.      In the Complaint, Plaintiffs allege that RumbleOn violated the terms of the Agreement by, among other things, proposing improper terms for determining the final cash consideration under the Agreement, submitting an improper claim for indemnification under the Agreement, and interfering with Sellers' Representative's authority under the Agreement. Plaintiffs also seek to enjoin the Independent Accountant from completing its work calculating the Post Closing Adjustment.  Compl. ¶¶ 2-5.

4.      Removal of this action is timely under 28 U.S.C. § 1446(b), which states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."  RumbleOn accepted service of the Complaint through undersigned counsel on May 10, 2022, and thus timely files this Notice of Removal within the prescribed thirty (30) days.

5.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders served upon RumbleOn in the State Court Action at the time of this removal is attached hereto as **Exhibit 1.**

6.      RumbleOn will promptly provide written notice of the filing of this Notice of Removal to Plaintiffs, by and through counsel.

7.      RumbleOn will also promptly file a copy of this Notice of Removal with the Register of the Court of Chancery in the underlying action.  A copy of the finalized Notice of Removal to be filed in the Court of Chancery (without exhibits) is attached hereto as **Exhibit 2.**

RLF1 27429992v.1

8.      Removal of this action to the District of Delaware is proper pursuant to 28 U.S.C. § 1441(a), as this Court is the United States District Court for the district embracing the place where the State Court Action was pending.

9.      The allegations in this Notice of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for District of Delaware.

10.     If any question arises as to the propriety of this removal, RumbleOn respectfully reserves the right, and also requests the opportunity, to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal and to present a brief and oral argument in support of its position that this action was properly removed.

## II.     GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

11.     This State Court Action is removable to this Court, and this Court has original jurisdiction over the State Court Action, based on diversity jurisdiction.   *See* 28 U.S.C. §§ 1332(a)(1); 1441(a).

12.     Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).   The amount in controversy must also exceed $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

13.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because RumbleOn is not a citizen of the forum state of Delaware, RumbleOn and Plaintiffs are completely diverse in their citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

RLF1 27429992v.1

A.     **Diversity of Citizenship Between the Parties**

14.     The State Court Action is between the Plaintiffs, individuals, and RumbleOn, a corporation, which invokes two separate tests to determine citizenship.  *See* Ex. 1.

15.     "A natural person is deemed to be a citizen of the state where she is domiciled.  The domicile of an individual is his true, fixed, and permanent home and place of habitation.  It is the place to which, whenever he is absent, he has the intention of returning."  *Arneault v. Diamondhead Casino Corp.*, 277 F. Supp. 3d 671, 675 (D. Del. 2017) (internal quotations and citations omitted)).

16.     For establishing the citizenship of a corporation, a corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  *See* 28 U.S.C. § 1332(c)(1).

17.     Citizenship is assessed at the time the suit is filed.  *Smith v. Sperling*, 354 U.S. 91, 93 (1957).

18.     Here, complete diversity exists.  According to the Complaint, at all times material to the State Court Action, Plaintiff Mark Tkach was a citizen of the State of Florida and Plaintiff William Coulter was a citizen of the State of Arizona.  Compl. ¶ 6-7.

19.     RumbleOn is, and was at the time of the Complaint's filing, and at all times intervening, a Nevada corporation with its principal place of business in Texas.  Compl. ¶ 8.

B.     **Amount in Controversy**

20.     The amount in controversy exceeds $75,000.00, excluding interest and costs, as required by 28 U.S.C. § 1332(a).

21.     Plaintiffs seek declaratory and injunctive relief.  Compl. ¶¶ 51-68.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Hunt v. Washington State Apple Advert.*

RLF1 27429992v.1

*Commc'n*, 432 U.S. 333, 347 (1977); *Jones v. Home Buyers Warranty Corp.*, 2018 WL 3993443, at *2 (D. Del. Aug. 21, 2018) (same).

22.     Here, Plaintiffs allege that RumbleOn's calculation of the Closing Indebtedness and the Post Closing Adjustment results in Plaintiffs owing RumbleOn $29,393,1790.  Compl. ¶ 27. According to Plaintiffs, following a proper Post-Closing Adjustment calculation, RumbleOn would owe Plaintiffs "nearly $30 million . . ." Compl. ¶ 30.  These allegations form the basis for Plaintiffs' suit against RumbleOn, among other allegations that would serve only to further increase the amount in controversy well beyond the amount required to establish diversity jurisdiction.  Compl. ¶¶ 21-22, 27-33.  It is evident from these allegations, and others throughout the Complaint, that the "object of the litigation" is the final cash consideration payable in accordance with the terms of the Agreement, which is directly affected by the accuracy of the Closing Indebtedness and Post-Closing Adjustment calculations.  Plaintiffs argue that the final cash consideration should be a payment of nearly $30 million to them.  While RumbleOn disputes that Plaintiffs are entitled to any relief whatsoever, the allegations in the Complaint firmly establish that the amount in controversy exceeds the jurisdictional amount of $75,000.

## III.     CONCLUSION

For these reasons, Defendant RumbleOn removes the State Court Action from the Court of Chancery for the State of Delaware to the United States District Court for the District of Delaware.

OF COUNSEL:                                  /s/ Jason J. Rawnsley
                                             Robert L. Burns (#5314)
Ryan Roman, Esq.                             burns@rlf.com
(*pro hac vice* forthcoming)                 Jason J. Rawnsley (#5379)
ryan.roman@akerman.com                       rawnsley@rlf.com
Michael C. Marsh, Esq.                       Alexander M. Krischik (#6233)
(*pro hac vice* forthcoming)                 krischik@rlf.com
michael.marsh@akerman.com                    Dorronda R. Bordley (#6642)
Eric D. Coleman, Esq.                        bordley@rlf.com
(*pro hac vice* forthcoming)                 RICHARDS, LAYTON & FINGER, P.A.
eric.coleman@akerman.com                     920 North King Street
AKERMAN LLP                                  Wilmington, DE 19801
201 East Las Olas Boulevard                  (302) 651-7700
Suite 1800
Fort Lauderdale, FL  33301                   *Attorneys for Defendant RumbleOn, Inc.*
(954) 463-2700

Dated: May 31, 2022