IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TKACH, in his capacity as Sellers' Representative and in his individual capacity as Principal Owner, and WILLIAM COULTER in his individual capacity as Principal Owner,<br><br>    Plaintiffs,<br><br>    v.<br><br>RUMBLEON, INC.,<br><br>    Defendant. | Civil Action No. 22-00710-RGA |

**MEMORANDUM ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO THE COURT OF CHANCERY**

Before me is Plaintiffs' motion to remand this action to the Delaware Court of Chancery pursuant to 28 U.S.C. § 1447. (D.I. 15). The motion has been fully briefed, and I have considered the parties' briefing. (D.I. 16, 23, 28).

Upon removal of an action to federal court, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447(c). Removal provisions "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations omitted). The party seeking removal bears the burden to establish federal jurisdiction. *See Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, LP.,* 195 F. Supp. 2d 598, 602 (D. Del. 2002). That burden is a high one when seeking to avoid a forum selection clause. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15 (1972), *overruled on other grounds by Lines v. Chasser,* 490 U.S. 495 (1989); *ING Bank, FSB. v. Palmer*, 2010 WL

1

3907825, *1 (D. Del. Sept. 29, 2010) (holding that a strong presumption exists in favor of enforcing a forum selection clause). "A forum selection clause does not oust a court of subject matter jurisdiction," *M/S Bremen*, 407 U.S. at 12, but "while the federal court has jurisdiction, it should decline to exercise it." *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1212 n. 7 (3d Cir. 1991). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10.

In determining whether the legal effect of a forum selection clause was to waive a party's right to remove to federal court, a court should use "the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." *Foster,* 933 F.2d at 1217 n. 15. The district court must look to the "plain and ordinary meaning" of the clause's language to determine whether it amounts to a waiver of the right to remove. *New Jersey v. Merrill Lynch & Co.,* 640 F.3d 545, 548 (3d Cir. 2011) (internal citations omitted). The Third Circuit has held that a court may find a waiver of removal on this basis even if the forum selection clause at issue lacks an explicit waiver of removal. *Foster*, 933 F.2d at 1216-17 (finding that defendant, by consenting to "submit" to "any court" of competent jurisdiction "at the request of" plaintiff, agreed to go to, and stay in, plaintiff's choice of forum).

Here, Plaintiffs contend that they are entitled to remand because Defendant contractually waived its right to remove by agreeing to the forum selection clause in Section 11.1(a) of the Plan of Merger and Equity Purchase Agreement (the "Agreement"). The relevant portion of the Agreement reads:

> (a) ANY ACTION ARISING OUT OF OR BASED UPON THIS AGREEMENT, THE OTHER ADDITIONAL AGREEMENTS OR THE TRANSACTIONS

CONTEMPLATED HEREBY OR THEREBY OR ANY ACTION OR OTHER DISPUTE INVOLVING THE DEBT FINANCING SOURCE RELATED PARTIES ARISING OUT OF OR BASED ON THIS AGREEMENT, THE OTHER ADDITIONAL AGREEMENTS OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY MAY BE INSTITUTED IN THE FEDERAL COURTS OF THE UNITED STATES OF AMERICA OR THE COURTS OF THE STATE OF DELAWARE, AND EACH PARTY IRREVOCABLY SUBMITS TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS IN ANY SUCH SUIT, ACTION OR PROCEEDING. THE PARTIES IRREVOCABLY AND UNCONDITIONALLY WAIVE ANY OBJECTION TO THE LAYING OF VENUE OF ANY SUIT, ACTION OR ANY PROCEEDING IN SUCH COURTS AND IRREVOCABLY WAIVE AND AGREE NOT TO PLEAD OR CLAIM IN ANY SUCH COURT THAT ANY SUCH SUIT, ACTION OR PROCEEDING BROUGHT IN ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

(D.I. 16-1, Ex. A, § 11.1(a)).

When faced with forum selection clauses with similar language to the present clause, district courts in this circuit have reached different conclusions on whether the parties have waived their right to remove. *Compare, e.g.*, *Definition Services, Inc. v. GVA Capital Ltd.*, 2021 WL 6846201, *3 (D. Del. Nov. 17, 2021) (no waiver), *Sanyo Electric Co. v. Intel Corp.*, 2019 WL 1650067, *6 (D. Del. Apr. 17, 2019) (same),[1] *and Periodical Graphics, Inc. v. Spitz*, 1994 WL 502506, *3 (E.D. Pa. 1994) (same), *with InterDigital, Inc. v. Wistron Corp.*, 2015 WL 4537133, *1 (D. Del. June 18, 2015) (waiver), *Carlyle Inv. Management, L.L.C. v. Carlyle Capital Corp.*, 800 F. Supp. 2d 639, 644-45 (D. Del. 2011) (same), *and E.I. du Pont de Nemours & Co. v. Quality Carriers, Inc.*, 2011 WL 776211, *3 (D. Del. Feb. 28, 2011) (same).

---

[1] No party has cited this case or *Periodical Graphics*, *Inc. v. Spitz*, 1994 WL 502506 (E.D. Pa. 1994) in its briefing. I note that, in any event, the forum selection clause in *Sanyo Elec.* was not determinative of the outcome of the motion to remand. *Sanyo Elec.*, 2019 WL 1650067, at *6 (remanding on other grounds). Thus, my interpretation of the forum selection clause in that case is dicta.

These cases weigh in Plaintiffs' favor. In particular, I agree with Plaintiffs that there is no material difference between the contractual language at issue in *Carlyle* and the language of Section 11.1(a) of the Agreement. In *Carlyle*, the relevant portion of the forum selection clause at issue read as follows:

> The federal or state courts sitting in Delaware shall have exclusive jurisdiction over any action, suit or proceeding with respect to this Agreement and each party hereto hereby irrevocably waives, to the fullest extent permitted by law, any objection that it may have, whether now or in the future, to the laying of venue in, or to the jurisdiction of, any and each of such courts for the purposes of any such suit, action, proceeding or judgment and further waives any claim that any such suit, action, proceeding or judgment has been brought in an inconvenient forum, and each party hereto hereby submits to such jurisdiction.

800 F. Supp. 2d at 644.

The distinction Defendant seeks to draw—ostensibly between the "irrevocabl[e]" waiver of objections in *Carlyle* and the "irrevocabl[e] and unconditional[]" waivers in Section 11.1(a)—reveals only an inconsequential difference in word choice. The core elements of each clause are the same. Both provide that federal or state courts shall have "exclusive jurisdiction" over actions arising from the contract; both provide that each party "submits" to such jurisdiction; and both provide that each party "irrevocably" waives any objection to venue and any claim that the action has been brought in an inconvenient forum. *Id.*; (D.I. 16-1, Ex. A, § 11.1(a)). The court in *Carlyle* concluded that such language effected a waiver. 800 F. Supp. 2d at 645. I do so again here.

Defendant's reliance on *Definition Services*, 2021 WL 6846201, is unavailing. In that case, the court found that the disputed forum selection clause did not constitute a waiver because it lacked "mandatory language" evincing the parties' intent to waive their right to remove. *Id.* at *3. Indeed, all the clause provided was that any action would be brought in Delaware and that

4

the parties would submit to the jurisdiction and venue. *Id.* at *1. By contrast, Section 11.1(a) contains additional language whereby, "in any such court" where the parties have "irrevocably" submitted to exclusive jurisdiction, each party "irrevocably and unconditionally waive[s]" any objection to venue and "irrevocably waive[s]" any claim that the action is brought in an inconvenient forum. *See id.* at *2-3 (distinguishing *Carlyle* and *Quality Carriers* on the basis of similar "mandatory language"); *see also InterDigital*, 2015 WL 4537133 at *1 ("[I]t would seem odd for parties who 'irrevocably consent' to sue one another (if at all) in Delaware federal *or* state court to also agree that they can challenge (by way of removal) each other's decision to file in Delaware state court.").

I conclude, therefore, that the present forum selection clause contains sufficient mandatory language to convey that the parties intended to waive their right to remove to federal court. Further, Defendant has made no showing that the clause is "unreasonable" under the circumstances. *See M/S Bremen*, 407 U.S. at 10.

For these reasons, Plaintiffs' motion to remand to the Court of Chancery (D.I. 15) is **GRANTED**. The case is **REMANDED** to the Court of Chancery.

IT IS SO ORDERED.

Entered this 22nd day of September, 2022.

/s/ Richard G. Andrews
United States District Judge